REQUESTED BY: Honorable Marge Higgins Member of the Legislature 6820 J Street Omaha, Nebraska 68117
Dear Senator Higgins:
This is in reply to your letter of December 26, 1980, in which you state that you anticipate introducing a bill to make it illegal for county governments to make donations to private corporations, etc. You inquire if there are any laws already on the books which would make such legislation redundant.
So far as we know there is no specific legislation which would cover the problem indicated. The Nebraska Constitution does have certain limitations but questions still arise as to their applicability.
For example, Article XIII, Section 3, of the Nebraska Constitution provides in part, `The credit of the state shall never be given or loaned in aid of any individual, association, or corporation, . . .'
There is still a question of interpretation whether or not any particular expenditure is for a public purpose and therefore authorized to be expended by the county, city or governmental subdivision involved. In the case of UnitedCommunity Services vs. The Omaha National Bank and The OmahaPublic Power District, 162 Neb. 786, the pledge of a donation by the power district to the United Community Services was involved inasmuch as the power district was a governmental subdivision. The Supreme Court of Nebraska first stated that whether or not the purposes of the United Community Services were for such a public purpose that a governmental subdivision should be permitted to contribute to them was a matter for the Legislature; that in the absence of express statutory authority the public power district would not have the authority to make such contributions. However, the Legislature had passed a broad statute authorizing any governmental subdivision which was engaged in a business in a proprietary capacity such as production of light, power, etc. to contribute funds for charitable purposes.
The Supreme Court stated that such statute did not violate the above provision of the Nebraska Constitution but that it did violate the provision contained in Article III, Section 18, prohibiting the passage of any local or special laws because the application of the statutes were limited to the type of public corporations operating in a proprietary capacity in a city of the metropolitan class only and did not apply to such corporations operating in smaller areas.
Of course we do not know the nature or extent of the legislation you intend to propose, but in light of the foregoing history, it does not appear that such would be redundant.
Very truly yours, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General